Nash, J.
 

 The only question presented by the case is, had William McGee such an interest in these negroes, as rendered them, in the hands of the trustee, liable to be seized and sold for the debts of William McGee, under the process, under which the defendant acted? The judge, who tried the cause, was of opinion he had not; and in this opinion we entirely agree with his Honor. Questions of a similar kind have so often been before this Court, that the principle governing this case is well established. It is not necessary we should go through a labored argument, or review the numerous cases bearing on the question, to shew that William McGee had no such interest in the slaves, as could be reached by a
 
 fieri fa-cias
 
 at law. The case of
 
 Gillis
 
 v. McKay, 4 Dev. 174, furnishes us precisely with the rule governing this. In all cases within the act of 1812, subjecting equitable interests to be sold under execution, the sale of the property by the sheriff divests the legal title of the trustee, and transfers it to the purchaser, who holds the property “freed and discharged” from the trust. Rev. Stat. c. 45, sec. 4. In
 
 Gillis
 
 v.
 
 McKay,
 
 the court say, “ the principle is, that the legal estate is not to be transferred or divested out of the trustee, unless that may be done with
 
 *258
 
 out affecting any rightful purpose, for which that estate was or ex,s£s> Wherever the
 
 cestui que trust
 
 has not the unqualified right to call for the legal estate, and'to call for it immediately, the act does not apply. If it did,' the sheriff could confer upon the purchaser a larger estate than the
 
 cestzii que trust
 
 had or could have.” The court proceeded to say, “ if the nature of the trust requires it to remain in the hands of the trustee, who, by the terms of the deed, is to do acts from time to time,” as to receive and apply the profits annually to the maintenance of another for life, or if the profits are to accumulate until a particular period, the case is not provided for by the act. In
 
 McKay
 
 v.
 
 Williams,
 
 1 Dev. & Bat. 406, the cash of
 
 Gillis
 
 v. McKay, is noticed, and the principle established by it approved. We think this is such a case. The deed conveyed- to the plaintiff the legal estate in the ne-groes, in trust for William McGee. Had William McGee an unqualified-right
 
 tb'have the legal estate
 
 taken from the trustee and transferred to him, and to have it transferred immediately
 
 1
 
 He had not; because it was necessary the legal title should remain in the trustee, to enable him to perform the trust. He had acts to do, from time to time; he had to keep the negroes hiréd out for the maintenance and support of William McGee, or he was otherwise to' dispose of them for the same purpose. It was evidently not the intention of the donor, that William McGee should have the management or the possession of the negroes. She was unwilling to entrust him with them. Her object was to provide for his support during his life. To permit him, then, to take the legal estate from the trustee, would be to defeat the intention of the donor, and the purpose for which the trust was created — a rightful and legal purpose. And, if he was not entitled to call immediately for the legal estate, according to the principle established by
 
 Gillis
 
 v. McKay, the case is not wilhin the operation of the act of 1812. He had no such interest in the slaves, as could be reached by an execution at law. The defendant was therefore not justified in seizing them.
 

 Per Ccjriam, Judgment affirmed.